UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**09 CV 8010**

---

MING KAN, CI F. WANG, YU H. ZHU,
GUANG H. ZHOU, XUE H. XU, FENG LI,
MING LI, ZHONG L. YANG, QIU M. FANG,
YING Q. QIU, GUANG S. ZHOU, RONG
XIAO, WEI ZHANG; WEN Z. LIU and YONG
K. YUAN,

Plaintiffs,

-against-

HACHI-HACHI CORP. d/b/a MIZU SUSHI
RESTAURANT, KYU KYU CORP. d/b/a MIZU
SUSHI RESTAURANT, MICHAEL A.K.
BONG, KATHY WONG and JANE DOE (a/k/a
ALICE),

Defendants.

---

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. _____

ECF CASE

**COMPLAINT**



Plaintiffs Ming Kan, Ci F. Wang, Yu H. Zhu, Guang H. Zhou, Xue H. Xu, Feng

Li, Ming Li, Zhong L. Yang, Qiu M. Fang, Ying Q. Qiu, Guang S. Zhou, Rong Xiao,

Wei Zhang, Wen Z. Liu and Yong K. Yuan, by their undersigned attorneys, bring this

action under federal and state labor laws to recover Plaintiffs' lawful wages arising out of

their employment at Mizu Sushi Restaurant in New York, New York, plus liquidated

damages, interest, attorneys' fees and the costs of this action.

## PRELIMINARY STATEMENT

1.     Plaintiffs are current and former employees of Defendants Hachi-Hachi

Corp. and Kyu Kyu Corp., which are currently and were, during overlapping periods of

time relevant to the allegations in the complaint, doing business as Mizu Sushi

Restaurant.  Michael A.K. Bong, Kathy Wong and Jane Doe (a/k/a Alice) were also the

Plaintiffs' employers during their employment at Mizu Sushi Restaurant.

2.      Plaintiffs worked as delivery workers at Mizu Sushi Restaurant at different

time periods beginning on or about July 2001 and continuing through the present.

Throughout the course of their employment at Mizu Sushi Restaurant, Plaintiffs worked

for wages that fell below the legal minimum wage and without receiving the overtime

premiums required by law.  For significant periods of time, Plaintiffs normally worked

more than 70 hours per week.  Plaintiffs' wages were also illegally reduced as they were

forced to incur expenses that should have been borne by Defendants.

3.      As stated herein, Defendants' conduct and practices violated numerous

federal and state labor laws at Plaintiffs' expense, including: (i) minimum wage

violations; (ii) overtime pay violations; (iii) "spread of hours" pay violations;

(iv) unlawful retention of employee gratuities; (v) requiring Plaintiffs to incur improper

expenses related to bicycle purchases and bicycle maintenance; and (vi) unpaid earned

wages violations.  Additionally and alternatively, the Defendants breached their

contractual obligations with some of the Plaintiffs and/or were unjustly enriched.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiffs' federal claims

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., 29 U.S.C.

§ 216 and 28 U.S.C. § 1331.

5.      This Court has supplemental jurisdiction over Plaintiffs' state law claims

pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

### Plaintiffs

7.      Plaintiffs are current and former employees of corporate entities, Hachi-Hachi Corp. and/or Kyu Kyu Corp., which at all relevant times have done business under the trade name Mizu Sushi Restaurant.   Michael A.K. Bong, Kathy Wong and Jane Doe (a/k/a Alice) were also the Plaintiffs' employers during their employment at Mizu Sushi Restaurant.

8.      Plaintiff Ming Kan worked as an employee at Mizu Sushi Restaurant from approximately October 2002 until approximately April 2004.

9.      Plaintiff Ci F. Wang worked as an employee at Mizu Sushi Restaurant from approximately May 2001 until approximately March 2003.

10.      Plaintiff Yu H. Zhu worked as an employee at Mizu Sushi Restaurant from approximately January 2007 until approximately January 2008, and from approximately September 2008 until approximately October 2008.

11.      Plaintiff Guang H. Zhou worked as an employee at Mizu Sushi Restaurant from approximately April 2002 until approximately April 2004.

12.      Plaintiff Xue H. Xu worked as an employee at Mizu Sushi Restaurant from approximately March 2002 until approximately April 2004.

13.      Plaintiff Feng Li worked as an employee at Mizu Sushi Restaurant from approximately June 2003 until approximately May 2004.

14.     Plaintiff Ming Li worked as an employee at Mizu Sushi Restaurant from approximately May 2001 until approximately December 2005.

15.     Plaintiff Zhong L. Yang worked as an employee at Mizu Sushi Restaurant from approximately June 2001 until approximately April 2004, from approximately December 2005 until approximately February 2007, and from approximately December 2007 until approximately May 2008.

16.     Plaintiff Qiu M. Fang worked as an employee at Mizu Sushi Restaurant from approximately October 2002 until approximately July 2005.

17.     Plaintiff Ying Q. Qiu worked as an employee at Mizu Sushi Restaurant from approximately August 2002 until approximately April 2005.

18.     Plaintiff Guang S. Zhou worked as an employee at Mizu Sushi Restaurant from approximately April 2004 until approximately November 2008.

19.     Plaintiff Rong Xiao worked as an employee at Mizu Sushi Restaurant from approximately April 2003 until approximately April 2004, and for two weeks in May or June 2007.

20.     Plaintiff Wei Zhang worked as an employee at Mizu Sushi Restaurant from approximately December 2006 until approximately April 2008.

21.     Plaintiff Wen Z. Liu worked as an employee at Mizu Sushi Restaurant from approximately April 2004 until approximately September 2008.

22.     Plaintiff Yong K. Yuan has worked as an employee at Mizu Sushi Restaurant from approximately April 2004 until the present.

## Defendants

23.     Upon information and belief, Defendants Hachi-Hachi Corp. and Kyu Kyu Corp. ("Corporate Defendants") are corporations organized and existing under the laws of the State of New York.

24.     Upon information and belief, at all times relevant to this action, Corporate Defendants operated and did business as Mizu Sushi Restaurant, located at 29 E. 20th Street, New York, New York 10003.

25.     Upon information and belief, at all times relevant to the allegations in this Complaint, Hachi-Hachi Corp. has been an enterprise engaged in interstate commerce within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has and has had an annual gross volume of sales of not less than $500,000.

26.     Upon information and belief, since at least March 2008, Kyu Kyu Corp. has been an enterprise engaged in interstate commerce within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has and has had an annual gross volume of sales of not less than $500,000.

27.     Upon information and belief, since at least March 2008, Hachi-Hachi Corp. and Kyu Kyu Corp. together constituted an enterprise engaged in interstate commerce within the meaning of the FLSA in that such enterprise (i) has and has had

employees engaged in commerce or in the production of goods for commerce, or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has and has had an annual gross volume of sales of not less than $500,000.

28.     Upon information and belief, at all times relevant to the allegations herein, Michael A.K. Bong has been part-owner of the Corporate Defendants and has had the power to hire and fire Mizu Sushi Restaurant employees, and control the terms and conditions of Plaintiffs' employment, including establishing their wages, setting their work schedules, and maintaining their employment records.

29.     Upon information and belief, at all times relevant to the allegations herein, Defendant Kathy Wong is the wife of Defendant Bong and is also part-owner of the Corporate Defendants, and has had the power to hire and fire Mizu Sushi Restaurant employees, and control the terms and conditions of Plaintiffs' employment, including establishing their wages, setting their work schedules, and maintaining their employment records.

30.     Upon information and belief, at all times relevant to the allegations herein, Defendant Jane Doe (a/k/a "Alice") is the manager and a minority shareholder of the Corporate Defendants, and has had the power to hire and fire Mizu Sushi Restaurant employees, and control the terms and conditions of Plaintiffs' employment, including establishing their wages, setting their work schedules, and maintaining their employment records.

31.     At all times relevant to this action, Defendants Bong, Wong and Alice were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

## STATEMENT OF FACTS

32.     Plaintiffs worked as employees at Mizu Sushi Restaurant for different time periods between 2001 and 2009.

33.     Plaintiffs were employed as delivery workers, for which the primary responsibilities included delivering food orders, handing out menus, cutting cardboard for use in food delivery bags, and retrieving sodas and food containers from Mizu Sushi Restaurant's basement floor to prepare for the deliveries.

### Plaintiffs' Wages and Hours

46.     Under federal and state law, employers are required to pay their employees specified minimum hourly wages.

47.     Prior to approximately May 2008, during the periods of their employment, each Plaintiff regularly worked at least 70 hours per week.

48.     Prior to approximately May 2008, most of the Plaintiffs worked from approximately 10:30 a.m. to 11:00 p.m. for three days of their workweek and from approximately 8:00 a.m. to 11:00 p.m. for two days of their workweek. On Saturdays, most of the Plaintiffs worked from approximately 4:00 p.m. to 12:00 midnight.

49.     Prior to approximately May 2008, most of the Plaintiffs were paid a salary by the Defendants of six hundred dollars per month, below the applicable minimum wage.

50.     Prior to approximately May 2008, Defendants paid the Plaintiffs' wages only in cash and did not provide pay stubs.

51.     After approximately May 2008, Defendants began paying wages to those Plaintiffs still employed at Mizu Sushi Restaurant by check.

52.     After approximately May 2008, at least some Plaintiffs worked in excess of forty hours per week.

53.     After approximately May 2008, Defendants continued to pay those Plaintiffs still employed at Mizu Sushi Restaurant a salary less than the applicable minimum wage.

54.     Throughout their employment, Defendants paid Plaintiffs wages less than the applicable minimum wages.

55.     Under federal and state law, employers are also required to pay their employees additional overtime wages for hours worked in excess of forty during a workweek.

56.     Throughout their employment, Defendants did not pay Plaintiffs the proper overtime pay rate for hours worked in excess of forty during a workweek, and in some instances did not pay any wages at all to some of the Plaintiffs for their overtime work.

57.     Under New York law, when an employee's "spread of hours"—the number of hours from the time the employee starts work on a particularly day until he or she finishes, including both work time and non-working time—exceeds ten hours, he or she must receive an additional one hour's pay at the basic minimum hourly wage rate.

58.     Throughout their employment, Plaintiffs regularly worked a "spread of hours" that exceeded ten hours per day for approximately five days per week.

59.     Defendants did not pay Plaintiffs any additional wages when their spread of hours exceeded ten.

## Defendants' Unlawful Retention of Gratuities

60.     Under federal law, for an employer to claim a tip credit against the minimum wage obligations in order to reduce the applicable minimum wage, (a) all tips received by an employee must be retained by the employee; and (b) the employer must notify the employee of the tip credit provisions and of the intention to take the tip credit.

61.     Under state law, for an employer to claim a tip allowance against its minimum wage obligations, the employer must (a) allow the employee to retain all earned gratuities; and (b) must notify the employee that it is claiming a tip allowance and retain records of any allowance claimed.

62.     At all times relevant to the allegations herein, when customers gave tips to Plaintiffs that equaled or were greater than fifty dollars, Defendants required Plaintiffs to pool their tips with employees who did not customarily and regularly receive tips, such as with members of the kitchen staff.  This occurred approximately two to three times per week.

63.     At all times relevant to the allegations herein, Defendants also deducted approximately 4% from Plaintiffs' tips received from credit card orders.

64.     On information and belief, the 4% deduction from Plaintiffs' tips received from credit card orders exceeded Defendants' actual expenses to liquidate tips received from credit card orders.

65.     During the time period related to the allegations herein, Defendants entered into agreements to make Mizu Sushi Restaurant's food and delivery services available through online order retailers, including Seamless Web.

66.     During the time period related to the allegations herein, Defendants deducted 10% from some Plaintiffs' tips received from orders through online order retailers.

67.     Upon information and belief, the 10% deduction from Plaintiffs' tips received from orders placed through online order retailers exceeded Defendants' actual expenses incurred to liquidate tips received from orders placed through online order retailers.

68.     Defendants' deductions from Plaintiffs' tips and Defendants' practice of requiring Plaintiffs to pool their tips with employees who did not customarily and regularly receive tips resulted in Plaintiffs not receiving all of the tips they earned while employed by Defendants.

69.     Because the Defendants deprived the Plaintiffs of their earned tips, Defendants are ineligible for a tip credit under the FLSA and ineligible for a tip allowance under the New York Labor Law.

70.     In addition, Defendants did not notify Plaintiffs of the tip credit provisions of the FLSA or New York Labor Law or of Defendants' intention to claim a tip credit against their minimum wage obligations to reduce the applicable minimum wage.

71.     Moreover, Defendants did not claim a tip allowance within the meaning of the New York Labor Law, did not provide Plaintiffs with a paystub at the time wages were paid in accordance with 12 N.Y.C.R.R. § 137-2.2, and, upon information and belief, Defendants did not keep records of the Plaintiffs' hours and wages in accordance with 12 N.Y.C.R.R. § 137-2.1 and 29 C.F.R. § 516.2(a).

72.     As a result, Defendants are further ineligible for the tip credit under the FLSA and ineligible for a tip allowance under the New York Labor Law.

73.     Additionally, Defendants are liable to Plaintiffs under New York Labor Law for the amount of Plaintiffs' gratuities that were unlawfully retained by Defendants.

### Defendants' Improper Requirement that Plaintiffs Pay for Expenses Related to Bicycle Purchases and Bicycle Maintenance

74.     During their employment at Mizu Sushi Restaurant, all Plaintiffs were required by Defendants to purchase bicycles and related equipment to deliver food to Mizu Sushi Restaurant's customers.

75.     Defendants required that Plaintiffs bear the cost of purchasing their bicycles and related equipment and the cost of repairing, maintaining or replacing their bicycles.

76.     Defendants have not reimbursed Plaintiffs for the cost of purchasing their bicycles and related equipment or for the cost of repairing, maintaining or replacing their bicycles.

77.     The bicycles and related equipment are tools of the trade under the FLSA and New York Labor Law.

78.     Defendants' requirement that Plaintiffs bear the expenses related to such tools of the trade reduced the wages actually earned by Plaintiffs under the applicable minimum wage mandated by federal and state law.

**Defendants' Failure to Pay Earned Wages, Breach of Contract and Unjust Enrichment at Plaintiffs' Expense**

79.     On or about July 2006, Plaintiffs Qiu M. Fang, Guang S. Zhou, Ming Li, Wen Z. Liu, Yong K. Yuan ("Construction Plaintiffs") and one other delivery worker employed by Defendants entered into an oral agreement with the Defendants.

80.     Pursuant to the agreement, Construction Plaintiffs and one other delivery worker employed by Defendants agreed to complete construction work in Mizu Sushi Restaurant's basement and in exchange Defendants agreed to pay them a combined total of $20,000 in wages to be divided among those individuals.

81.     From approximately July 2006 to approximately September 2006, Construction Plaintiffs and the other delivery worker worked each week from approximately 11:00 p.m. Saturday night until approximately 8:00 a.m. Sunday morning, after their normal working hours, to complete the construction project.  On certain occasions, Construction Plaintiffs worked instead on the construction project from approximately 1:00 p.m. Sunday afternoon until approximately 7:00 p.m. Sunday evening.

82.     On or about September 2006, Construction Plaintiffs and the other delivery worker completed the construction work for the Defendants.

83.     Defendants failed to pay Construction Plaintiffs their earned wages in accordance with the agreed terms of employment in violation of New York Labor Law.

84.     Alternatively, Defendants breached their contractual agreement with Construction Plaintiffs by failing to pay them for the construction work.

85.    Alternatively, Defendants have been unjustly enriched at the expense of Construction Plaintiffs as a result of receiving the benefit of the construction work without paying for it.

**Failure to Inform Employees of Wage Provisions and Post Notices**

86.    The FLSA and New York Labor Law require employers to maintain in the workplace a display containing notices of employee rights to receive the minimum wage and overtime pay at a rate of one-and-a-half times their regular wage.

87.    Defendants did not notify Plaintiffs of the minimum wage or overtime provisions of the FLSA or New York Labor Law.

88.    Upon information and belief, prior to approximately May 2008, Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notice of employee rights to receive the minimum wage and overtime pay as required under the FLSA and New York Labor Law.

89.    When Defendants did display a poster beginning in or about May 2008, it was placed near the kitchen in an inconspicuous location generally inaccessible to Plaintiffs.

90.    At all times relevant to the allegations herein, Defendants also did not maintain in the workplace a display containing a copy of New York Labor Law §§ 193, 196-d and the accompanying regulations regarding the prohibition on illegal deductions from wages and the illegality of employers demanding or accepting any portion of employees' tips in violation of New York Labor Law.

### Defendants' Willful Violations

91.     All of the violations of federal and New York state law cited above were willful and intentional.

### Equitable Tolling

92.     None of the Plaintiffs were aware of their rights to bring an action against Defendants to receive a minimum hourly wage for employment until at least May 2008.

93.     None of the Plaintiffs were aware of their rights to bring an action against Defendants to receive overtime compensation at one and one-half times the applicable minimum wage for each hour that exceeded forty in a workweek until at least November 2008.

### CAUSES OF ACTION

### COUNT 1

### *Claim for Minimum Wages Under the Fair Labor Standards Act*

94.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

95.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of 29 U.S.C. § 203.

96.     At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 206(a).

97.     Defendants willfully failed to compensate Plaintiffs at the applicable legal minimum hourly wage, in violation of 29 U.S.C. § 206(a).

98.     Defendants also willfully required all Plaintiffs to provide bicycles and related equipment for Plaintiffs' work, as well as pay for all necessary maintenance and

repairs to the bicycles.  The cost of providing these tools of the trade further reduced

Plaintiffs' wages below the minimum hourly wage in violation of 29 U.S.C. § 206(a) and

applicable regulations, specifically 29 C.F.R. § 531.35.

99.     Defendants' violations of the FLSA, as described in this complaint, were

willful and intentional.

100.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover

from Defendants, jointly and severally, their unpaid minimum wages and an equal

amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs

of the action, pursuant to the FLSA, specifically 29 U.S.C. § 216(b), and/or prejudgment

interest, all in an amount to be determined at trial.

## COUNT 2

### *Claim for Minimum Wages Under New York Labor Law*

101.     Plaintiffs reallege and incorporate by reference all allegations in all

preceding paragraphs as if fully set forth herein.

102.     At all times relevant to this action, Plaintiffs were employed by

Defendants within the meaning of New York Labor Law §§ 2(5), 190(2) and 651(5).

103.     At all times relevant to this action, Defendants were employers within the

meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

104.     Defendants willfully failed to compensate Plaintiffs at the applicable legal

minimum hourly wage, in violation of the New York Minimum Wage Act, specifically

New York Labor Law § 652, and accompanying regulations, including 12 N.Y.C.R.R. §

137-1.2.

105.    Defendants also willfully required Plaintiffs to pay expenses incurred while carrying out duties assigned by Defendants, in violation of 12 N.Y.C.R.R. § 137-2.5. The expenses paid by Plaintiffs further reduced the hourly wages they were paid.

106.    Defendants' violations of the New York Labor Law, as described in the complaint, were willful and intentional.

107.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to one quarter of their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial.

## COUNT 3

### *Claim for Overtime Wages Under the Fair Labor Standards Act*

108.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

109.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of 29 U.S.C. § 203.

110.    At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 207(a).

111.    Defendants willfully failed to pay Plaintiffs overtime wages at a rate of one and one-half times their regular rate of pay, or one and one-half times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of 29 U.S.C. § 207(a)(1).

112.    Defendants' violations of the FLSA, as described in this complaint, were willful and intentional.

113.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. § 216(b), and/or prejudgment interest, all in an amount to be determined at trial.

## COUNT 4

### *Claim for Overtime Wages Under New York Labor Law*

114.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

115.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2(5), 190(2) and 651(5).

116.    At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

117.    The Defendants willfully failed to pay Plaintiffs overtime wages at a rate of one and one-half times their regular rate of pay, or one and one-half times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of the New York Labor Law and accompanying regulations, including 12 N.Y.C.R.R. § 137-1.3.

118.    Defendants' violations of the New York Labor Law, as described in the complaint, were willful and intentional.

119.    Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtimes wages and an amount equal to one quarter of their unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial.

## COUNT 5

### *Claim for Spread of Hours Payments Under New York Labor Law*

120.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

121.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2(5), 190(2) and 651(5).

122.    At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

123.    Defendants willfully failed to pay Plaintiffs spread of hours wages of an additional hour of pay at the minimum wage for each day Plaintiffs had a spread of hours in excess of ten hours per day, in violation of the New York Labor Law and accompanying regulations, including 12 N.Y.C.R.R. § 137-1.7.

124.    Defendants' violations of the New York Labor Law, as described in the complaint, were willful and intentional.

125.    Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, all spread of hours payments in the form of one hour of additional pay at the applicable minimum wage rate for each day in which a Plaintiff had a spread of hours in excess of ten hours and an amount equal to

one quarter of their unpaid spread of hours wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial.

## COUNT 6

*Claim for Defendants' Unlawful Retention of Gratuities Under New York Labor Law*

126.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

127.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2(5), 190(2) and 651(5).

128.   At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

129.   Defendants unlawfully demanded and retained some of the Plaintiffs' gratuities, in violation of New York Labor Law § 196-d.

130.   Defendants' violations of the New York Labor Law, as described in the complaint, were willful and intentional.

131.   Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, the amount of retained gratuities and an amount equal to one quarter of such retained gratuities in the form of liquidated damages, as well as reasonable attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial.

## COUNT 7

### *Claim for Improper Expense Payments Under New York Labor Law*

132.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

133.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2(5), 190(2) and 651(5).

134.   At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

135.   Defendants required Plaintiffs to incur expenses that should have been borne by the Defendants in violation of New York Labor Law § 193(2).

136.   Defendants required Plaintiffs to purchase, maintain, and repair bicycles and related equipment used to deliver food to restaurant customers.

137.   Defendants' violations of the New York Labor Law, as described in the complaint, were willful and intentional.

138.   Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, all improper expenses incurred by Plaintiffs, and an amount equal to one quarter of the amount of improper expenses in the form of liquidated damages, as well as reasonable attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial.

## COUNT 8

### *Claim for Unpaid Earned Wages Under New York Law*

139.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

140.    At all times relevant to this action, Plaintiffs Qiu M. Fang, Guang S. Zhou, Ming Li, Wen Z. Liu and Yong K. Yuan were employed by Defendants within the meaning of New York Labor Law §§ 2(5), 190(2) and 651(5).

141.    At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3), and 651(6).

142.    An employer is required to pay an employee the wages earned in accordance with the agreed terms of employment pursuant to New York Labor Law § 191.

143.    In or about July 2006, Construction Plaintiffs, who were already employed as delivery workers by Defendants, agreed and assented to provide manual labor for Mizu Sushi Restaurant's basement construction for additional compensation of an aggregate $20,000.

144.    Construction Plaintiffs provided manual labor services in addition to their delivery worker tasks, beginning approximately July 2006 through approximately September 2006, but did not receive any payment for this work.

145.    Defendants' failure to pay Construction Plaintiffs the $20,000 in shared wages earned in accordance with the agreed terms of employment was willful and intentional.

146.    Due to Defendants' New York Labor Law violations, Plaintiffs Qiu M. Fang, Guang S. Zhou, Ming Li, Wen Z. Liu and Yong K. Yuan are entitled to recover from Defendants, jointly and severally, their unpaid earned wages of $20,000 to be shared equally among them, and an amount equal to one quarter of the $20,000 in unpaid

earned wages, or $5,000, in the form of liquidated damages, as well as reasonable

attorneys' fees, costs of the action, and prejudgment interest, to be determined at trial.

## COUNT 9

### *Claim for Breach of Contract in the Alternative*

147.    Plaintiffs reallege and incorporate by reference all allegations in all

preceding paragraphs as if fully set forth herein.

148.    In or about July 2006, Defendants and Construction Plaintiffs orally

agreed that Construction Plaintiffs would perform construction work in Mizu Sushi

Restaurant's basement, and Defendants would compensate them for the work they

performed.

149.    Defendants agreed that Construction Plaintiffs would be paid $20,000 to

be divided among those individuals.

150.    Construction Plaintiffs fully performed their obligations pursuant to this

contractual agreement.  Defendants, however, failed to pay Construction Plaintiffs any

compensation for the work performed.

151.    By failing to pay Construction Plaintiffs for the work they performed,

Defendants breached the agreement between the parties.

152.    As a direct result of this breach of the agreement, Plaintiffs Qiu M. Fang,

Guang S. Zhou, Ming Li, Wen Z. Liu and Yong K. Yuan have been damaged by

Defendants.

## COUNT 10

### *Claim for Unjust Enrichment in the Alternative*

153.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

154.    Defendants were enriched by the value of the construction work performed by Construction Plaintiffs in Mizu Sushi Restaurant's basement.

155.    The enrichment was at Construction Plaintiffs' expense because Construction Plaintiffs performed the work for the Defendants' benefit and were not compensated for the work they performed.

156.    In the event that Construction Plaintiffs are unable to recover for their breach of contract claim, the circumstances were such that equity and good conscience require Defendants to compensate Plaintiffs Qiu M. Fang, Guang S. Zhou, Ming Li, Wen Z. Liu and Yong K. Yuan for all construction work performed in the restaurant, in an amount to be determined at trial.

## TOLLING OF STATUTE OF LIMITATIONS

157.    Defendants withheld from Plaintiffs notice of their rights as employees by not maintaining a display notifying them of their rights under the FLSA, as required by 29 C.F.R. § 516.4, and New York Labor Law, as required by New York Labor Law §§ 198-d and 661, and 12 N.Y.C.R.R. § 137-2.3.

158.    Plaintiffs did not otherwise have actual knowledge of their rights under the FLSA and New York Labor Law.

159.    Due to Defendants' failure to provide proper notification, Plaintiffs' claims are subject to the equitable tolling doctrine, meaning that the statutes of limitations

for all claims asserted by the Plaintiffs under the Fair Labor Standards Act should be

tolled until they first became sufficiently aware of their rights under the Fair Labor

Standards Act, which was no earlier than May 2008.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA, the New York Minimum Wage Act, and the New York Labor Law and its regulations;

b. Awarding Plaintiffs unpaid minimum wages due under the FLSA, the New York Minimum Wage Act, and the New York Labor Law and its regulations;

c. Awarding Plaintiffs unpaid overtime wages due under the FLSA and the New York Labor Law and its regulations;

d. Awarding Plaintiffs additional pay for all spread of hours violations;

e. Awarding Plaintiffs damages for all gratuities unlawfully retained by the Defendants;

f. Awarding Plaintiffs compensation for all improper expenses Plaintiffs were required to pay;

g. Awarding Plaintiffs damages for their unpaid earned wages;

h. Awarding Plaintiffs damages for all breaches of contract by Defendants;

i. Awarding Plaintiffs damages for Defendants' unjust enrichment at Plaintiffs' expense;

j. Awarding Plaintiffs liquidated damages;

k. Awarding Plaintiffs prejudgment and post-judgment interest;

l.   Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees;

m.   Permanently enjoining Defendants against future violations of the FLSA and the New York Labor Law and its regulations; and

n.   Awarding such other and further relief as this Court deems necessary and proper.

Dated:   September 17, 2009
         New York, New York

By: _Ronald G. White_

MORRISON & FOERSTER LLP

Ronald G. White
Craig B. Whitney
Sunni J. Yuen
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
rwhite@mofo.com
cwhitney@mofo.com
syuen@mofo.com

URBAN JUSTICE CENTER

David Colodny
Carmela Huang
123 William Street, 16th Floor
New York, New York  10038
Telephone:  (646) 602-5600
Facsimile: (212) 533-4598
dcolodny@urbanjustice.org
chuang@urbanjustice.org

*Attorneys for Plaintiffs*